MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

ALEXANDRA P. SUMMER (CABN 266485)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    alexandra.summer@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 12-00010 EMC |
| Plaintiff, | |
| v. | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING PRIVATE DOCUMENTS |
| ARMANDO ANTONIO MONROY and JORGE PERAZA-RIVAS, | |
| Defendants. | |

The government and the defendants, by and through their attorneys of record, hereby stipulate and ask the Court to find as follows:

1. The government has produced in discovery, to counsel for the defendants, documents that contain personal and private information of the defendants and third parties. This information includes personal identifying information, as well as private financial information, such as account numbers, locations, and detailed transactional records.

2. Except when being actively examined for the purpose of the preparation of the defense in this matter, the documents and materials containing personal identifying information and private financial information of the defendants or third parties produced by the government to defense counsel

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 12-00010 EMC

("private documents") shall be maintained in a manner such that they are accessible only to the defendants, defense counsel, employees of their law firms who are working with them to prepare the defense, and their investigators. Defense counsel, members of their law firms, the defendants, and the investigators shall not permit any person access of any kind to the private documents or disclose in any manner the personal identifying and private financial information of the defendants or of third parties except as set forth below.

3. The following individuals may examine the documents and information related to the personal identifying and private financial information of the defendants and third parties for the sole purpose of preparing the defense in this matter and for no other purpose:

    a) Counsel for the defendants;

    b) Employees of counsel for the defendants' law offices who are assisting with the preparation of the defense;

    c) The defendants;

    d) Third-party fact witnesses, but only in the presence of defense counsel or another authorized person listed in this paragraph;

    e) Investigators and experts retained by the defendants or their counsel to assist in the defense of this matter.

If defense counsel determine that additional persons are needed to review the material, they must obtain a further order of the Court before allowing any other individual to review the material.

4. A copy of this order shall be maintained with the documents at all times.

5. All individuals other than defense counsel and the defendants who receive access to the materials pursuant to this Order, *prior to receiving access to the materials*, shall sign a copy of this Order acknowledging that:

    a) They have reviewed the Order;

        b)      They understand its contents;

        c)      They agree that they will only access the documents and information for the purposes of preparing a defense in this matter;

        d)      They understand that failure to abide by this Order may result in sanctions by this Court.

6. No other person may be allowed to examine the material without further court order. Examination of the documents shall be done in a secure environment which will not expose the materials to other individuals not listed above.

7. Any pleadings that reveal the personal identifying or private financial information of the defendants or third parties, either by attaching copies of documents containing that information or referencing that information, shall be redacted to prevent the disclosure of such information or filed under seal.

8. The defense team shall return all private documents to the government fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against the defendant; the defendant's acquittal by court or jury; the conclusion of any direct appeal; the expiration of the time period for filing a motion pursuant to 28 U.S.C. § 2255; or the district court's ruling on any motion filed pursuant to 28 U.S.C. § 2255. In the event that the defense team has made notes or marks on the private documents constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT - DESTROY."

///

///

///

9. After return of the materials, the government may destroy the private documents.

DATED: August 6, 2013

[signature]

STEVEN GRUEL
Counsel for Defendant MONROY

[signature]

ALAN DRESSLER
Counsel for Defendant PERAZA-RIVAS

Respectfully submitted,

MELINDA HAAG
United States Attorney

[signature]

ALEXA SUMMER
Assistant United States Attorney

IT IS SO ORDERED.

Dated: October 8, 2013



IT IS SO ORDERED
[signature]
Judge Edward M. Chen

HONORABLE
United States

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 12-00010 EMC